## P. S. NETHERLAND, ET AL., *v.* ROBERT CALVIN.

[Abstract Kentucky Law Reporter, Vol. 1—326.]

**Suit to Set Aside Conveyance.**

In a suit to set aside a deed the court may consider the lapse of time intervening between the date of the deed and the beginning of the suit as a circumstance showing to some extent the good faith of the transaction or the lack of good faith.

**Recording a Deed.**

Where a grantee gives to the deputy clerk his deed for record, and pays to such deputy money sufficient to pay the tax against said real estate and the cost of recording it, and the deed, when found, is in the clerk's office, the neglect of the clerk to endorse upon the deed, when the tax has been actually paid, will not destroy the legal effect of the conveyance, and the grantee may show by evidence that said taxes were paid and not endorsed on the deed.

**Dower.**

In order to pass title of a married woman, or to make a conveyance evidence against her, under the Act of March 9, 1854, it was required that the clerk before whom she acknowledged the deed should write out and sign the certificate, setting forth therein the facts, including the endorsement made thereon, and record the same within the proper time; and where no certificate is made by the clerk as appears on the face of the deed such a conveyance will not divest her of title.

### APPEAL FROM TAYLOR CIRCUIT COURT.

October 21, 1880.

OPINION BY JUDGE PRYOR:

The testimony in this case leaves but little room to question the transactions between the father and son resulting in the execution

of the conveyance under which the appellee claims. The lapse of time intervening between the date of the conveyance and the institution of the present action to set it aside conduces strongly to show that the creditors of the son regarded the conveyance as made in good faith and with no intention to defraud. The appellants were living where every opportunity was afforded them to investigate the questions now raised; and with notice that the title had passed to the father from the son, they have been a long time asserting their rights as creditors on account of the alleged fraudulent transaction. Nearly nine years have elapsed since the deed was made, and the reason assigned by the appellant or some member of the firm for not making the judgment was that a conveyance had been made to the appellee; and when the latter in a deposition, stamped with an honesty of purpose in the detail of the business relations between his son and himself, leaves us no room to doubt the fairness of the transaction, the chancellor acted properly in declining to disturb the deed upon the ground of fraud or want of consideration.

That the deed was acknowledged by the husband and wife is not controverted, or if so, the proof is entirely satisfactory on that point. It is maintained, however, that the deed was never recorded nor lodged for record, and upon this ground, as to creditors, it is claimed, should be disregarded. The deed was recorded on the 14th of March, 1878, and the tax paid about that time, and executed nearly ten years prior to the date of its record. It is shown, however, by the appellees, that at the date of the deed and at the time it was acknowledged he gave the deputy clerk taking the acknowledgment the money for tax and cost of recording it, and' the deed, when found, was in the county clerk's office. While the statute provides that a deed shall not be regarded as lodged for record until the tax is paid, it does not provide the manner in which proof may be made, when the payment of the tax is placed in issue. The usual mode of evidencing its payment is by an indorsement on the deed, but the absence of this indorsement will not preclude the grantee from showing, by the clerk or others, the payment of the tax. The neglect of the clerk to make such endorsement when the tax has been actually paid should not be permitted to destroy the legal effect of the conveyance.

The payment of the tax the second time by Wood was unknown to appellee, and was paid under the impression or with a knowledge of the fact that the then clerk would not record the deed without the

tax. We think it is shown that the conveyance was properly lodged for record, and in addition that the appellant knew of the conveyance. Slight proof connected with the lapse of time and their facilities for ascertaining the business transactions of the parties would authorize the conclusion as to knowledge on their part, and the execution of the conveyance, the validity of which is for the first time asserted by them in this action, a period of nearly nine years from its execution.

The claim of the son's wife to dower presents a question of more difficulty. She acknowledged it before the deputy clerk, who made a memorandum of that fact in September, 1869. This certificate or memorandum has never been recorded or made part of the certificate by the clerk of the court evidencing the acknowledgment by the parties. In order to pass the title of the feme, or to make the conveyance evidence against her, it was required by the Act of March 9, 1854, that the clerk shall write out and sign the certificate, setting forth in such certificate the facts, including the endorsement, and thereupon the deed shall be as good and effectual as if, etc. This has not been done in the present case, although if properly certified and lodged for record within the proper time it would pass the title of the feme. In this case no certificate has been made, as appears on the face of the paper, that would make the conveyance operate to divest her of title. The original conveyance, having been offered in evidence, cannot affect her rights, when at the same time it appears that she was a feme covert when the paper was executed and delivered.

It is urged, however, that, the wife becoming discovert after the execution and delivery of the deed, this removes all obstacles in the way of the title. This position, we think, is not tenable. It is the status of the party at the time the conveyance was made that must determine the rights of the parties, unless when the disability has been removed the feme has in some way cured the defects in the title.

Nor can the certificate be amended on the return of the cause, as the deed, with a proper certificate upon it, must have been recorded or lodged for record within the proper time so as to affect the rights of the married woman. Mrs. Drabbell is therefore entitled to dower.

The conveyance is of all the right, title and interest in and to the real estate of every kind which Harkness owned at the time of his death. It was not what Calvin inherited, but all that he owned at the time of the conveyance.

The judgment below is *affirmed* as to Netherland, and the appellee may have his execution for costs against him, and is *reversed* as to Drabbell and wife, and they have their costs against appellee, and cause remanded for further proper proceedings.

*J. R. Robinson, R. S. Montague, for appellants.*

*William Lindsay, James M. Wood, for appellees.*